CHALON *vs.* PEPIN.

APPEAL FROM THE CITY COURT OF NEW-ORLEANS, JUDGE DUNCAN
PRESIDING.

Where certain lots are sold at public auction in reference to a certain plan, representing a passage through the square on which some of the lots are *made to front*, and it turns out that there was no public passage authorized by the corporation, this is an artifice or error, which will avoid and annul the sale at the instance of the purchaser.

This is an action on two promissory notes executed by the defendant, as the purchaser of certain lots, in part payment of the price.

The defendant admitted his signature, but averred that said lots were sold in reference to a plan, as fronting on a passage which the plaintiff had no right to make. He prays that the sale be rescinded, and notes cancelled and given up, and that the sum of six hundred and ninety-three dollars and interest thereon, which he has paid, be refunded, and for which he prays judgment in reconvention.

The plan by which the lots were sold, and, also, the act of sale, were produced in evidence. The plan is referred to, and made a part of the sale, and has the passage marked and represented on it. But there is no authority shown from the corporation to make this a public passage or alley. The city judge, however, gave judgment for the plaintiff, and the defendant appealed.

*Bodin,* for the plaintiff.

*Pepin,* in *propriâ personâ.*

*Rost, J.,* delivered the opinion of the court.

The defendant resists the payment of two promissory notes subscribed by him, because those notes were given in consideration of two lots, which were sold as fronting a certain passage, which the plaintiff represented as public, although he had no authority from the corporation to open it. He

further alleges that he has paid on account of said lots, the sum of six hundred and ninety-three dollars, which he claims in reconvention. His answer contains a prayer for general relief. The plan, as well as the description in the sale, represent the lots as fronting on Ursuline-street. There is upon the plan, a strip of land running through the square, between parallel lines, and marked as a passage. One of the lots has a front on that passage, which makes it a corner lot, and the other is on the opposite side of the street. The lots are described in the sale by their front on Ursuline-street and their depth : nothing is said or warranted about a public passage, but the plan is made a part of the act, and the fact which it discloses, that six other lots were laid out by the plaintiff fronting upon that passage, and without issue upon any other street, satisfies us that the passage was represented as a public one, at the auction sale.

The plaintiff has not shown that the passage had been opened by the authorization of the city corporation. We must presume that the authorization does not exist, and without it the plaintiff has been guilty of an artifice, or at least has committed an error, which must avoid the sale. The inconvenience and damage occasioned by it to the defendant, are manifest.

*Where certain lots are sold at public auction in reference to a certain plan, representing a passage through the square on which some of the lots are made to front, and it turns out that there was no public passage authorized by the corporation, this is an artifice or error, which will avoid and annul the sale at the instance of the purchaser.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the city court be avoided and reversed; that the sale made by the plaintiff to the defendant, on the 27th August, 1836, be avoided and annulled; and that the defendant recover in reconvention from the plaintiff, six hundred and ninety-three dollars, with costs in both courts.